**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LONE STAR DOCUMENT MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXTPOINT INC.,<br><br>Defendant. | Case No. 1:26-cv-07809<br><br>Hon. Jeremy C. Daniel<br>Magistrate Judge Beth W. Jantz |

**DEFENDANT NEXTPOINT INC.'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

Defendant Nextpoint Inc. ("Nextpoint"), by and through counsel, moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint with prejudice. In support, and as set forth in the accompanying Memorandum of Law in Support incorporated by reference herein, Nextpoint states as follows:

1. The Complaint fails to state a claim upon which relief can be granted because Lone Star's claims arise under a subject matter ineligible for patent protection.
2. Lone Star asserts a single dependent claim of a U.S. Patent No. 6,918,082 (the "'082 Patent") that expired nearly six years ago.
3. The Complaint does not plead patent eligibility aside from a conclusory allegation that the patent's components were "unconventional at that time." Yet, the '082 patent describes what people have done with paper and a file cabinet for a century: keep documents on file under a reviewer's name; collect the reviewer's comments about them; look up a record to find where a document is kept; and hand the reviewer the document together with the comments.

4. The Complaint's allegations are also contradicted by the patent the Complaint attaches. The patent identifies prior-existing technology that existed for each component of the '082 Patent's claims contradicting its conclusory allegation that the technology was "unconventional at that time."
5. The sole factual basis offered for the allegations does not exist. The Complaint cites an undated and unsigned "Declaration of Joseph Daniel Elam." Even if an undated and unsigned declaration was valid, Mr. Elam's Declaration merely parrots the Complaint's allegations in the guise of expert opinion.
6. The Complaint also fails to meet basic pleading standards because it does not allege that Nextpoint infringed the patent during the relevant time period. The relevant time period is a narrow four-and-a-half month window from July 2, 2026 (6 years before Lone Star filed its Complaint) to November 12, 2020 (the date the '082 Patent expired). The Complaint does not contain a single allegation that Nextpoint committed any act of infringement during that short period.
7. The grounds for this Motion are set forth more fully in the accompany Memorandum of Law in Support, filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

WHEREFORE, Nextpoint respectfully requests that the Court grant this Motion, dismiss Lone Star's Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: October 16, 2026

Respectfully submitted,

/s/ Anand C. Mathew
Anand C. Mathew
LOOP LITIGATION, LLC
33 N. Dearborn St., Suite 1000
Chicago, IL 60602
(312) 949-5667
amathew@looplitigation.com

*Attorneys for Nextpoint Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, October 16, 2026, I electronically filed the foregoing using the Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Anand C. Mathew