**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LONE STAR DOCUMENT MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXTPOINT INC.,<br><br>Defendant. | Case No. 1:26-cv-07809<br><br>Hon. Jeremy C. Daniel<br>Magistrate Judge Beth W. Jantz |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEXTPOINT INC.'S MOTION TO DISMISS**

## INTRODUCTION

Lone Star Document Management, LLC ("Lone Star") asserts a single dependent claim of a patent that expired nearly six years ago. Claim 16 of U.S. Patent No. 6,918,082 (the "'082 patent") describes what people have done with paper and a file cabinet for a century: keep documents on file under a reviewer's name; collect the reviewer's comments about them; look up a record to find where a document is kept; and hand the reviewer the document together with the comments. Claim 16's only addition to its parent claim is that the program "assembles a URL pointing toward the document from data in the record." It says the program produces a web address. It never says how.

Lone Star's Complaint must be dismissed because the claims arise under a subject matter ineligible for patent protection. Claim 16 is directed to an abstract idea and recites no inventive concept. Under *Alice Corp. Pty., Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), it is invalid under 35 U.S.C. § 101, and requires dismissal with prejudice. While Lone Star attempts to plead around the eligibility requirement, that effort fails for three independent reasons.

***First***, the allegations state no actual facts pleading eligibility. Paragraphs 25, 26 and 28 repeat claim 16's elements—a database of documents with a proofer identifier, a computer for receiving comments, a program for associating and storing them—and then assert that the collection "was unconventional at the time." Restating a claim and calling it unconventional is exactly the conclusory allegation that the Federal Circuit has repeatedly refused to credit.

***Second***, the allegations are contradicted by the patent the Complaint attaches. The '082 Patent concedes that "portable document formats" (including Adobe Acrobat PDF) already existed, identifies a prior-art "network-based electronic document delivery system" by patent number, and admits that prior-art systems "provide methods for the delivery of portable format documents over

computer networks." Compl. ¶ 22. The Complaint's own quotation of the specification describes claim 16's URL mechanism as "rel[ying] on the dynamic interaction between three types of entities: a relational database, a directory tree file storage system, and URL strings." Compl. ¶ 29. The Complaint does not and cannot allege that a relational database, a file system and URL strings were unconventional in 1998.

***Third***, the sole factual basis offered for these allegations does not exist. The Complaint cites Exhibit 3, the "Declaration of Joseph Daniel Elam," paragraph by paragraph as the support for its eligibility theory. Compl. ¶¶ 15–31 and Ex. 3. However, Exhibit 3 is no "declaration" at all. It is neither signed nor dated. It carries no validity under 28 U.S.C. § 1746. Even if it were valid, Exhibit 3 contains no actual facts establishing patent eligibility—it merely parrots the Complaint in the guise of expert opinion.

In addition to patent ineligibility, the Complaint fails to meet basic pleading standards because it does not allege that Nextpoint infringed the patent ***during the relevant time period***. The relevant time period is not the "pendency of the '082 patent." It is the narrow four-and-a-half month window within which Lone Star's alleged claim is sandwiched.

## FACTUAL BACKGROUND

### A. The '082 Patent And Its Conceded Prior Art.

The '082 Patent, titled "Electronic Document Proofing System," issued on July 12, 2005 from an application filed December 17, 1998. Compl. ¶¶ 9–11 & Ex. 1. The patent expired nearly six years ago on November 12, 2020. Compl. Ex. 1 (notice reflecting 696-day term extension under 35 U.S.C. § 154(b)). The claims here are thus limited to the four-and-a-half-month period from July 2, 2020 (6 years before the Lone Star filed its Complaint) to November 12, 2020 (the date the '082 Patent expired). 35 U.S.C. § 286.

The ‘082 Patent’s background section describes the state of the art in 1998 and, in doing so, concedes that each building block of the claimed system already existed:

(1) **Portable Document Formats**: “Software solutions have been invented to allow document creators and document approvers (or proofreaders) to exchange computer files without regard to the original authoring software or computer platform. These solutions are often termed ‘portable document formats’ and include, but are not limited to, Adobe System’s Acrobat Portable Document Format, Envoy’s portable document format, and FlashPix…” Compl. Ex. 1 at 1:55-64;

(2) **Networked Storage and Delivery**: The Complaint quotes the background’s concession that “[t]he disclosed prior art systems and methodologies provide methods for the delivery of portable format documents over computer networks.” Compl. ¶ 22 (quoting Ex. 1 at 2:49-59).[1] The ‘082 Patent also identifies specific prior art which discloses “a network-based electronic document delivery system, which has a network server that stores electronic files to be accessed by email and file recipients.” Compl. Ex. 1, at 2:35-43.

(3) **URL Mechanism**: The ‘082 Patent includes “a feature for formulating a URL for displaying a document.” Compl. ¶ 29 (quoting Ex. 1 at 5:10-22). Claim 16 does not claim any specific methodology to actually formulate the URL—it is left unsaid other than one example from the specification identifying how a URL can be “assembled” by combining the protocol and host ‘<protocol>://<host>’ together with the directory tree structure assembled from the information about the document version ‘<client>/<version>/<name>’. Compl Ex. 1 at 5:55–61. That is basic string concatenation, and nothing more.

### B. The Asserted Claim.

Lone Star asserts only claim 16 of the ‘082 Patent. Compl. ¶¶ 37–38. Claim 16 depends from claim 10, which recites:

> A system for proofing electronic documents delivered over a network, comprising: a database of portable format electronic

---

[1] What the patent asserts the prior art lacked was not any component, but rather the ability “to automatically display or track multiple versions,” “to review and add to a history of comments,” and “to simultaneously-display a particular document version and its current history.” *Id.* Those are descriptions of desired results. They are also capabilities that the asserted claim does not recite: claim 10 says nothing about versions and nothing about a comment history. Version limitations appear in claims 1 and 17, and a “history of received comments” appears in claim 19—none of which Lone Star asserts.

> documents stored together with at least one proofer identifier; a computer connectable to the network for receiving a plurality of comments, each concerning a particular one of the portable format documents; and a program executing on said computer for associating and storing the received plurality of comments together with the particular portable format electronic documents; said computer for receiving a request, from a proofer presenting the proofer identifier, to review a particular portable format electronic document; said program for retrieving and formatting the requested document together with the associated plurality of comments for simultaneous display to permit review.

Claim 16 adds a single limitation:

> The system of claim 10 wherein said program retrieves a record corresponding to the requested document and assembles a URL pointing toward the document from data in the record.

Compl. Ex. 1 at 10:8-23 and 10:40-43 (claims 10, 16).

### C. The Complaint's Patent Eligibility Allegations And Exhibit 3.

Lone Star knows the '082 Patent has an eligibility problem. It devotes nearly half its Complaint to arguing patent eligibility under four headings. Paragraph 15 states that "[s]pecific details about claim 16 of the '082 patent and patent eligibility of the claimed subject matter are provided in the Declaration of Joseph Daniel Elam, attached as Exhibit 3," and nearly every subsequent eligibility paragraph cites Exhibit 3 as the basis for the allegation. *See* Compl. ¶¶ 17–31.

Exhibit 3 claims to be a "declaration" but it is no declaration at all. It is neither signed nor dated as required by 28 U.S.C. § 1746. The declaration also adds nothing of substance. Paragraphs 15, 16 and 17 of Exhibit 3 are word-for-word identical to paragraphs 25, 26 and 28 of the Complaint. Each recites claim 16's elements and then asserts that the "collection of elements, presented together in claim 16, was unconventional at the time." Ex. 3 ¶ 17; Compl. ¶ 28. Neither the Complaint nor Exhibit 3 identify any source for that conclusory statement other than the '082 patent itself.

### D. The Infringement Allegations.

The Complaint pleads direct infringement only. Compl. ¶ 37. The accused instrumentality is described as "Nextpoint systems, including one or more hardware and software products for content management and related services." Compl. ¶ 37. Lone Star cites as support for its allegations third-party product reviews, marketing pages and videos dated 2009, 2010, 2013 and 2018, together with present-day web pages. For claim 16's own limitation, the chart asserts only that Nextpoint "transmit[s] a URL," and cites a 2018 buyer's guide and a 2013 product review. Ex. 2 at 27–30. Lone Star cites no materials reflecting Nextpoint's allegedly infringing conduct during the relevant time period of July 2, 2020 to November 12, 2020.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Patent eligibility under 35 U.S.C. § 101 is a question of law that may be resolved on the pleadings. "A patent may be determined ineligible at the Rule 12(b)(6) stage 'when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law.'" *US Patent No. 7,679,637 LLC v. Google LLC*, 164 F.4th 1373, 1380 (Fed. Cir. 2026) (quoting *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1359 (Fed. Cir. 2020)); *accord Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed.

Cir. 2014), *cert denied*; *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1355 (Fed. Cir. 2023).

## ARGUMENT

### I. THE CLAIM IS INELIGIBLE FOR PATENT PROTECTION BECAUSE IT IS DIRECTED TO AN ABSTRACT IDEA AND RECITES NO INVENTIVE CONCEPT.

Section 101 permits patents on a "process, machine, manufacture, or composition of matter," but abstract ideas are not patentable. *Alice*, 573 U.S. at 217-18. To determine whether a claim is patent-eligible under Section 101, courts apply a two-step framework: first, whether the claim is "directed to" an abstract idea; and second, whether the claim elements, individually and as an ordered combination, supply an "inventive concept" sufficient to transform the abstract idea into a patent-eligible application. *Id*. The second step asks "what else is there" beyond the abstract idea. *Id*. Lone Star's claim fails both steps of the framework because it is directed to an abstract idea and recites no inventive concept.

#### A. The Claim Is Ineligible Because It Is Directed To An Abstract Idea.

##### 1. The Claim Is Directed To Basic Tasks The Federal Circuit Has Held Constitute Merely An Abstract Idea.

Claim 10 is directed to the abstract idea of distributing a document for review, collecting reviewers' comments about it, and presenting the document together with those comments. Each of those operations is a task people performed long before computers, and each is a form of collecting, storing, retrieving and displaying information. Claim 16's only addition to its parent claim is that the program "assembles a URL pointing toward the document from data in the record." In other words, it produces a web address pointing to the document. The claim does not say how the URL is assembled, does not recite any new database architecture, file-storage structure, or networking technique, and does not improve the operation of a computer itself. Under

*Alice*, merely implementing an abstract idea with generic computer functionality does not supply an inventive concept. 573 U.S. at 221.

The Federal Circuit has held claims on precisely this subject matter ineligible for patent protection. In *Content Extraction*, the court affirmed a Rule 12(b)(6) dismissal of claims directed to "1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory," observing that "humans have always performed these functions." 776 F.3d at 1347. Claim 10 of Lone Star's patent recites the exact same three operations—receive comments, associate them with the corresponding document, store them in a database—with displaying the results the sole additional claimed feature. Implementing a well-recognized human process using a computer does not transfer an abstract idea into a novel one. *Id.*

The Federal Circuit has "treated collecting information, including when limited to particular content (which does not change its character as information), as within the realm of abstract ideas." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). So too is taking that information and performing routine steps that people would go through in their minds such as associating comments with the documents to which they are directed. *Id*. "[D]isplaying certain results of the collection and analysis…without more, is abstract as an ancillary part of such collection and analysis." *Id*. As In *Elec. Power Grp.*, Lone Star's claims here are directed to nothing more than the abstract idea of parsing, associating, storing, and displaying data based on basic human steps.

**2. The Claim Recites A Desired Result, Not A Mechanism For Achieving It.**

The dispositive feature of claim 16 is what it omits. It requires that the program "assemble[] a URL pointing toward the document from data in the record." It does not say what the record

contains, how the URL is derived from it, or what technical obstacle the derivation overcomes. It claims the outcome and leaves the means to the imagination.

That is fatal. Claims "drafted using largely (if not entirely) result-focused functional language, containing no specificity about how the purported invention achieves those results . . . are almost always found to be ineligible." *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1356 (Fed. Cir. 2024); *accord Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) (claim requiring functional results but that "does not sufficiently describe how to achieve these results in a non-abstract way" is ineligible); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1343–45 (Fed. Cir. 2018) (claim specified "what" result was desired but never "how" it was achieved). Here, claim 16 simply recites "a computer," "a database," "a program," "a record" and "a URL."

In *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1341–42 (Fed. Cir. 2017), the Federal Circuit held claims to managing XML documents directed to "the abstract idea of collecting, displaying, and manipulating data," reciting "no more than routine steps of data collection and organization using generic computer components" and providing "only a result-oriented solution, with insufficient detail for how a computer accomplishes it." The claims in *Intellectual Ventures* are analogous to Lone Star's claims here. A system that organizes a plurality of documents and presents them to a user "encompasses the abstract idea itself of organizing, displaying, and manipulating data of particular documents." *Id*. at 1341. And while the claim in *Intellectual Ventures* allegedly modified the underlying document in response to revisions, nothing in the claims specified how. *Id*. at 1342.

Here, the only mechanism for creating the URL found in the patent is in the '082 Patent's description, which claim 16 ***does not include***. The ***claim***, not something purportedly described in

the specification must contain the inventive concept. *Two-Way Media Ltd.*, 874 F.3d at 1339 ("The main problem that Two-Way Media cannot overcome is that the *claim*—as opposed to something purportedly described in the specification—is missing an inventive concept."); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019) ("[T]he specification must always yield to the claim language."); *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1379 (Fed. Cir. 2024) ("[W]e refuse to import details from the specification if those details are themselves not claimed.").

Even if the protocol-host-directory from the description could be incorporated into claim 16's limitation, combining a protocol, a host name and a directory path to create something like https://domain.com/clientA/version1/filename is not a technique for making a URL—***that is what a URL is***. The closest analogue is *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1316 (Fed. Cir. 2021), where the court held ineligible claims directed to using a content-based identifier to perform data-management functions including retrieving data—functions that "can be performed in the human mind" or "using a pencil and paper," as a librarian does with a call number. Claim 16 is the same idea: look up an identifier in a record, use it to find the document.

The result here does not depend on which reading prevails. On claim 16's plain scope, the claim recites an outcome and no mechanism, and it is ineligible for that reason. If Lone Star instead contends that claim 16 should be read to incorporate the protocol-host-directory concatenation described in the patent description, it is asking the Court to import into the claim limitations the claim does not recite—and the contention would fail even if accepted, because combining a protocol, a host name and a directory path is not a technique for producing a URL; it is the definition of one. On either reading, claim 16 adds nothing to the abstract idea of looking up where a document is kept and pointing a reviewer to it.

## B. CLAIM 16 RECITES NO INVENTIVE CONCEPT.

### 1. The Complaint Concedes Every Recited Component Is Generic.

At step two the court asks whether the claim elements, individually and as an ordered combination, add "significantly more" than the abstract idea. *Alice*, 573 U.S. at 217-18. Claim 16 recites a network, a computer, a database, a program, a record and a URL. "[T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 223.

Lone Star pleads the conventionality of each component itself. The Complaint quotes the specification's description of the very mechanism claim 16 recites: it "relies on the dynamic interaction between 3 types of entities: a relational database, a directory tree file storage system, and URL strings." Compl. ¶ 29. Relational databases, hierarchical file systems and URLs were ubiquitous in 1998. The Complaint also quotes the background's admission that prior-art systems already "provide methods for the delivery of portable format documents over computer networks," Compl. ¶ 22, and the background separately names Adobe Acrobat PDF as a pre-existing portable format and U.S. Patent No. 5,790,790 as a pre-existing networked document server. Compl. Ex. 1 at 1:55–64, 2:35–43. Lone Star does not and could not plausibly allege that relational databases, directory tree file systems, or URL strings were unconventional in 1998. Where the patentee's own specification establishes that the invoked technology is conventional or well-known, generalized allegations of inventiveness cannot defeat dismissal. *Beteiro*, 104 F.4th at 1358 (specification describing claim features generically supports conclusion that features are conventional); *AI Visualize, Inc.*, 97 F.4th at 1380 (specification provided that technology existed at the time); *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1356–57 (Fed. Cir. 2021) (specification disclosed generic well-known components each of which was conventional).

**2. The Ordered Combination Is The Abstract Idea Restated.**

Taking the elements together does not help, because the combination *is* the idea. Store documents under a reviewer's name; take in comments; associate them; look up where the document lives; show them together. "It has been clear since *Alice* that a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept." *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018). That claim 10 recites documents "delivered over a network" adds nothing. "An abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment, such as the Internet." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015).

Lone Star has not pled facts showing an inventive concept; it has pled only the asserted claim and the word "unconventional." Paragraph 28 of the Complaint is representative. It recites, in order, claim 16's limitations: "(a) a database of portable format electronic documents stored together with at least one proofer identifier, (b) a computer connectable to the network for receiving a plurality of comments . . . and (c) a program executing on the computer for associating and storing the received plurality of comments"—and then concludes: "This collection, presented together in claim 16, was unconventional at the time, as their collective features were neither routine nor conventional." Paragraphs 25 and 26 do the same.

That is a threadbare recital dressed as a fact. *Iqbal*, 556 U.S. at 678. A statement that a claimed feature "improves the functioning" of a computer is, "by itself, conclusory." *Simio,* 983 F.3d at 1365. The Complaint fails to offer any basis—beyond the assertion itself—for concluding that the combination was unknown in 1998. Claim 16 is directed to an abstract idea and recites no inventive concept beyond conventional computer implementation. "Conclusory allegations, or

those ‘wholly divorced’ from the claims or the specification, cannot defeat a motion to dismiss.” *Beteiro, LLC*, 104 F.4th at 1358. “Nor can conclusory allegations to the contrary ‘alter what [the] patent itself states.’” US Pat No. 7,679,637 LLC, 164 F.4th at 1380 (quoting *Sanderling Mgmt Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023)).

## II. THE ELAM DECLARATION PROVIDES NO SUPPORT TO THE COMPLAINT’S CONCLUSORY ALLEGATIONS.

Lone Star cannot manufacture a factual dispute through the purported “Declaration of Joseph Daniel Elam.” The Complaint cites that document paragraph by paragraph as support for its eligibility theory. Compl. ¶¶ 15–31 & Ex. 3. But Exhibit 3 is not a declaration at all. It is unsigned and undated. It carries no evidentiary force under 28 U.S.C. § 1746. An unsworn statement has “like force and effect” as a sworn one only if it is “subscribed by him, as true under penalty of perjury, *and dated*.” 28 U.S.C. § 1746 (emphasis added). Exhibit 3 has neither. Exhibit 3 is therefore not a declaration; it is an unexecuted draft. It establishes nothing, and no one has attested to a word of it under penalty of perjury.

Even if it had been signed and dated, it would not save the Complaint because it supplies no actual facts establishing eligibility. It merely repeats the Complaint’s claim-element recitations and adds attorney argument. Paragraphs 15, 16 and 17 of Exhibit 3 are verbatim identical to paragraphs 25, 26 and 28 of the Complaint. An exhibit that reproduces the pleading it is offered to support adds nothing to it. A defective, unsigned, undated filing cannot transform conclusory allegations into plausible facts, and it cannot overcome the patent’s own admissions.

Further, Exhibit 3 cites no prior art, no technical literature, no product, and no source other than the ’082 patent. Its unconventionality opinion rests entirely on quotations from the patent’s own Background—a patentee’s self-serving characterization of the art cannot establish that the

claimed combination was unconventional, particularly where the same background concedes the components existed. The reasoning is circular.

## III. THE COMPLAINT LACKS INFRINGEMENT ALLEGATIONS DIRECTED TOWARDS THE RELEVANT TIME PERIOD.

The Complaint alleges infringement "during the pendency of the ’082 patent," Compl. ¶ 37. That allegation does not establish a plausible entitlement to relief because the relevant period is not the "pendency of the ‘082 patent." Under 35 U.S.C. § 286, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint. The only recovery period is thus the four-and-a-half-month period from July 2, 2020 (6 years before the Lone Star filed its Complaint) to November 12, 2020 (the date the ‘082 Patent expired). The Complaint does not contain a ***single allegation*** that Nextpoint committed any act of infringement during that short period.

Paragraph 37 cites Exhibits 2 and 4 as support for Nextpoint's alleged infringement but neither exhibit contains any information about Nextpoint's alleged infringing conduct during the relevant time period. Exhibit 2 cites third-party reviews and marketing pages dated 2009, 2010, 2013 and 2018 and present-day web pages. Exhibit 4 is dated April 4, 2025. None describes Nextpoint's product or conduct between July 2 and November 12, 2020.

The law requires factual allegations that, accepted as true, make infringement plausible rather than merely possible. A complaint must do more than allege an entitlement to relief; it must supply factual content supporting the grounds for that entitlement and place the defendant on notice of the activity accused of infringement. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

Here, the timing of the accused activity is indispensable to plausibility because every act outside the approximately four-and-a-half-month recoverable period is either barred by § 286 or

postdates the patent's expiration. An allegation spanning the patent's entire pendency, supported only by materials from years before or after the relevant period, provides no factual basis from which the Court could reasonably infer that Nextpoint infringed when an actionable act could have occurred.

The Complaint independently fails because it does not plausibly connect claim 16's URL-assembly limitation to any identified feature of an accused Nextpoint product during the recoverable period. Lone Star need not plead infringement on an element-by-element basis, but it must allege facts explaining why the accused product plausibly practices the asserted claim. A complaint must identify the activity accused of infringement and provide enough factual content to make that accusation plausible. Merely reciting claim language and concluding that an accused product contains the claimed elements is insufficient, and the detail required depends in part on the technology's complexity and the materiality of the limitation at issue. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th at 1352.

Here, claim 16 requires record retrieval through assembly of a URL, a material limitation that is neither novel nor complex as noted above. Yet Exhibit 2 alleges only that Nextpoint "transmit[s] a URL." Ex. 2 at 27-30. Even accepting the allegation as true, transmitting a URL is not assembling a URL to retrieve a record, which is all the claim covers. The Complaint does not identify any Nextpoint feature that performs the claimed assembly, explain how the alleged transmission satisfies that materially different function, or allege that any such feature existed or was used between July 2 and November 12, 2020. Thus, even apart from the absence of timely conduct, the pled facts do not articulate why the accused product plausibly practices the limitation on which Lone Star's theory depends.

## IV. DISMISSAL SHOULD BE WITH PREJUDICE.

Amendment would be futile. Lone Star asserts one claim of one patent, and no amendment could "alter what a patent itself states." *Sanderling*, 65 F.4th at 706. Nor would a signed version of Exhibit 3 change the analysis: the defect is not merely the missing signature but that the document restates the claim and the Complaint without identifying any prior art or any fact about the state of the art in 1998. *See Simio*, 983 F.3d at 1365–66 (amendment futile where proposed allegations merely repeat rejected arguments).

## CONCLUSION

For the foregoing reasons, Nextpoint respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: October 16, 2026

Respectfully submitted,

/s/ Anand C. Mathew

Anand C. Mathew
LOOP LITIGATION, LLC
33 N. Dearborn St., Suite 1000
Chicago, IL 60602
(312) 949-5667
amathew@looplitigation.com

*Attorneys for Nextpoint Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, October 16, 2026, I electronically filed the foregoing using the Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Anand C. Mathew