# Exhibit 5

DEVLIN LAW FIRM LLC

1306 N. Broom Street, 1st Floor
Wilmington, Delaware 19806
United States of America

Tel.: (302) 449-9010
Fax: (302) 353-4251
www.devlinlawfirm.com

January 27, 2016

**VIA FEDERAL EXPRESS**

Rakesh Madhava, CEO
NextPoint, Inc.
4043 N Ravenswood, Suite 317
Chicago IL 60613

Re: Infringement of Lone Star Document Management, LLC's U.S. Patent No. 6,918,082

Dear Mr. Madhava:

I am writing on behalf of our client Lone Star Document Management, LLC ("Lone Star"). Lone Star is the assignee of all right, title, and interest in U.S. Patent No. 6,918,082 entitled "Electronic Document Proofing System" (the "'082 patent"). The '082 patent generally relates to proofing electronic documents delivered over a network.

Based on our review of publicly available information, Lone Star has learned that NextPoint, Inc. and its affiliates ("NextPoint") are infringing one or more claims of the '082 patent through the use, manufacture, sale, and offers for sale of its document collaboration system (the "Infringing Products"). The Infringing Products of the '082 patent include but are not limited to NextPoint's litigation support products and services.

The provision, use, sale, and/or offer for sale of the Infringing Products directly infringes at least claim 10 of the '082 patent by virtue of a combination of features. In particular the Infringing Products provide comprehensive capabilities for managing and processing electronic documents in a way that directly infringes c the '082 patent. By way of example, these capabilities include but are not necessarily limited to delivery of portable format documents over a network, use of user-identifiers to prevent unauthorized access, versioning and commenting functionality, and the ability to view multiple version and/or comments simultaneously with a given document. Of course, infringement of any patent is determined according to the claims of the patent, and this discussion provides merely exemplary indicators of those features within the Infringing Products that give rise to infringement.

Based on our investigation, NextPoint is also inducing infringement of the '082 patent by actively aiding and abetting others to use the Infringing Products. Specifically, NextPoint actively induces these other entities to engage in these actions by advertising,

offering for sale, and selling the Infringing Products, and by providing user manuals, product documentation, and other instructions regarding the use of the Infringing Products.

Further, based on our investigation, NextPoint is also contributing to infringement of the ’082 patent by providing the Infringing Products to others, including its partners, customers, and end users, because the Infringing Products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the patent, and have no substantial non-infringing uses.

As a result of NextPoint’s infringement of the ’082 patent, Lone Star has suffered damages and will continue to suffer damages in the future. Lone Star is nevertheless hopeful that the parties can engage in discussions to reach an amicable resolution of this matter. Accordingly, please contact me at your earliest convenience to discuss an appropriate resolution of your company’s past and ongoing infringement of the ’082 patent. I can be reached by phone at (302) 449-9010 or by email at correspondence@devlinlawfirm.com.

Thank you in advance for your attention to this important matter.

Very truly yours,



Timothy Devlin

Devlin Law Firm
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Tel.: (302) 449-9010
Fax: (302) 353-4251
www.devlinlawfirm.com